# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1208 | **DATE** | 8/2/2011 |
| **CASE TITLE** | Suzette McInnis vs. Ecolab Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion to transfer [19]is granted.  The instant action is hereby ordered transferred to the United States District Court of Minnesota, St. Paul Division, forthwith.  All pending dates before this Court are hereby stricken.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendants' motion to transfer.  Plaintiff Suzette McInnis (McInnis) allegedly worked for Defendant Ecolab, Inc. (Ecolab) as an auditor.  McInnis contends that Ecolab improperly classified her and other similarly-situated employees as independent contractors and did not provide such employees with the benefits plans and other protections that Ecoblab was obligated to provide.  McInnis brought the instant action and alleges violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*  Defendants move pursuant to 28 U.S.C. § 1404(a) to transfer the instant action to the United States District Court for the District of Minnesota.

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ."  28 U.S.C. § 1404(a).  In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").  There is no dispute

that both the instant district and the District of Minnesota would be proper forums.  (Mot. 1); (Ans. 3).

Defendants argue that Ecolab is headquartered in Minnesota and that its executive team, in-house legal department, accounting and finance, and technology services are located in St. Paul, Minnesota.  Although McInnis contends that certain witnesses and evidence is located in Illinois, Defendants have shown that most of the pertinent evidence and witnesses are located in Minnesota and in North Dakota, where Ecolab has other relevant operations.  Defendants have shown, for example, that the decisions relating to the benefits plan that is at issue in this case were made by higher-level management of Ecolab in Minnesota at the corporate headquarters.  McInnis also argues that there is a connection to Illinois in this case because she worked in Illinois for Ecosure, which is a unit of Ecolab.  However, McInnis has not shown that material evidence or witnesses are located in the local Ecolab unit.  Defendants point out that the Ecolab savings plan and ESOP, which McInnis' ERISA claims involve, are administered from St. Paul Minnesota.  In this case, the material events occurred in Minnesota and North Dakota, where the pertinent decisions relating to this action were made by Ecolab.  Defendants have also shown that the majority of the witnesses and evidence is located in Minnesota.  The convenience of the parties and witnesses clearly favors a transfer.

McInnis argues that her choice of forum is entitled to deference.  In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum."  *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *See also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  However, when a plaintiff seeks to bring a nationwide class action, the particular forum chosen by the first named plaintiff is entitled to less deference since no matter which forum is chosen, it may be inconvenient to members of the class.  *See, e.g., Eugene v. McDonald's Corp.*, 1996 WL 411444, at *2 (N.D. Ill. 1996)(indicating that the "plaintiff purport[ed] to bring a nationwide class action, and thus [the court did ] not accord weight to his choice of forum because other members of the putative class might be inconvenienced by the selection").  McInnis in her complaint chose to pursue this case as a class action for individuals who undoubtably would find Illinois to be an inconvenient forum.  Since McInnis is seeking to include in this action as plaintiffs individuals from across the country, Illinois cannot be presumed

**STATEMENT**

to be a convenient forum for many of the potential plaintiff. Nor has McInnis shown that it would not be an undue hardship for her to continue this action in Minnesota.

Defendants also contend that the interest of justice favors a transfer. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n. 4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 664. In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221.

Defendants point out that McInnis entered into an Independent Contractor Agreement under which she agreed that Minnesota law would be applied to interpret the terms of the Agreement. Defendants have shown that this action clearly could be more efficiently resolved in Minnesota, where the majority of the pertinent parties, witnesses and evidence are located. This case has many close connections to Minnesota and limited immaterial connections to Illinois. A transfer to Minnesota would provide the opportunity for the efficient resolution of this matter. Therefore, based on the above, the motion to transfer is granted.